UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Desmond Criswell,                                             Case No. 3:22-cv-1784

                    Plaintiff,

         v.                                                   MEMORANDUM OPINION
                                                                   AND ORDER

Annette Chambers-Smith, *et al.*,

                    Defendants.

## I.    INTRODUCTION

Plaintiff Desmond Criswell, an inmate of the Ohio Department of Rehabilitation and

Correction ("ODRC") currently incarcerated at the Toledo Correctional Institution ("ToCI"), filed

suit pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to his serious medical needs in

violation of the Eighth and Fourteenth Amendments against the following Defendants in their

official and individual capacities: Annette Chambers-Smith, Director of the ODRC; Dr. Andrew

Eddy, Chief Medical Officer of the ODRC; Harold May, Warden at ToCI; Michael Jenkins, ToCI

Institutional Inspector; Dennis Seger, ToCI Health Care Administrator; Hannah Kroggel, ToCI

Health Care Administrator; Robert Zilles, ToCI Health Care Administrator; Dr. Porter, ToCI

physician; and Candy Baab, a nurse practitioner at ToCI.  (Doc. No. 1).  The State of Ohio, as an

interested party on behalf of Defendants Chambers-Smith, Eddy, and Jenkins, and Kroggel, filed a

motion to dismiss Criswell's claim.[1]  (Doc. No. 7).  Criswell did not file a response to the motion. For the reasons stated below, I grant the motion to dismiss in part and deny it in part.

## II.  BACKGROUND

Criswell contracted Covid-19 in December 2020, while incarcerated at ToCI.  (Doc. No. 1 at 6).  He alleges he became seriously ill as a result and ultimately developed pneumonia.  (*Id.*).  He further alleges he contracted Covid-19 on two other occasions since that time.  (*Id.*).  He states his physical health has steadily and substantially declined since his initial bout of Covid-19.  Criswell alleges that, while he previously was physically active, he is now "unable to exercise at all due to a lack of energy, shortness of breath, and constant pain in his lungs," as well as "periodic dizziness, headaches, chills, heart palpitations and racing pulse, and coughing up blood."  (*Id.* at 5-6).  Further, Criswell alleges his sleep has been adversely affected and that he "has experienced significant weight loss, weakness, and fatigue."  (*Id.*).  He states his physical health struggles have adversely affected his mental health as well.  (*Id.* at 6).

Criswell alleges he has had approximately 30 visits with ToCI medical staff since his initial Covid-19 infection "in an attempt to get his condition(s) diagnosed and treated," and that he also has filed five grievances and seven kites concerning issues he encountered in attempting to obtain treatment, "albeit to no avail."  (*Id.* at 7).  Defendants allegedly have refused to provide Criswell with access to any medical specialists outside of the institution because his preliminary diagnostic testing – including blood work, an EKG, and urinalysis – has come back normal.  (*Id.* at 8).  Criswell alleges that Defendants' failure to provide additional medical care to identify the cause of his symptoms and

---

[1]  Service has not yet been perfected on Defendants May, Seger, Zilles, Porter, or Baab, (Doc. No. 5), and therefore no formal request for representation by the State of Ohio has been made with respect to those Defendants.  (*See* Doc. No. 7 at 10 n.1).  Nonetheless, the State of Ohio moves for dismissal on behalf of all Defendants.

to provide adequate treatment for those symptoms constitutes deliberate indifference to his serious medical needs.

### III.   STANDARD

A defendant may seek to dismiss a plaintiff's complaint on the ground the complaint fails to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  When ruling on a motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff and accepts as true well-pleaded factual allegations.  *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 896 (6th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).  Factual allegations must be sufficient to state a plausible claim for relief.  *Iqbal*, 556 U.S. at 678.  Legal conclusions and unwarranted factual inferences are not entitled to a presumption of truth.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### IV.   ANALYSIS

Criswell's single claim for relief is for Defendants' alleged indifference to his serious medical needs in violation of the Eighth and Fourteenth Amendments.  In order for a prison official to be held "liable under the Eighth Amendment for denying an inmate humane conditions of confinement," a plaintiff must show "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Robinson v. California*, 370 U.S. 660, 666-67 (1962) (holding the Eighth Amendment's cruel and unusual punishments clause applies to the states through the Fourteenth Amendment).

#### A.   SUPERVISORY LIABILITY

The State of Ohio first argues Criswell's Complaint should be dismissed because he has not alleged "any specific action by any Defendant sufficient to sustain a claim for § 1983 liability . . .

3

'even under the liberal construction afforded to *pro se* complaints.'" (Doc. No. 7 at 3) (quoting *Davis v. Michigan Dep't of Corr. Bureau of Health Care Servs.*, No. 2:13-CV-253, 2013 WL 4829977, at *4 (W.D. Mich. Sept. 10, 2013) and citing *Frazier v. Michigan,* 41 F. App'x 762, 764 (6th Cir. 2002)).

I conclude the Complaint does not contain allegations of specific conduct by the other Defendants. Criswell alleges "Seger, Kroggel, and Zilles, as the administrators of medical services at ToCI, failed to take reasonable measure to [ensure] that adequate medical treatment was provided to the Plaintiff." (*Id.* at 10). But these allegations fall short as to whether Criswell alleges these Defendants were acting in a supervisory capacity over Porter and Baab or that they failed to intervene in the allegedly unconstitutional actions of Porter and Baab after Criswell filed grievances and kites concerning his treatment. *Griner v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (holding plaintiff failed to state a plausible § 1983 claim based upon allegations that defendants "were acting in a supervisory capacity" or "fail[ed] to intervene" in the conduct of subordinate officers). Criswell cannot hold Seger, Kroggel, and Zilles liable without plausibly alleging they were personally involved in the allegedly unconstitutional treatment he received. *Id.* at 575-76. He has not made any such allegations. Therefore, I grant the State of Ohio's motion to dismiss Criswell's claims against these Defendants.

Similarly, Criswell alleges Chambers-Smith, Eddy, May, and Jenkins failed to take reasonable measures to ensure he was receiving adequate medical treatment after having been put on notice of Criswell's complaints regarding his medical care. (Doc. No. 1 at 10). These allegations also fail to establish these Defendants were personally involved in a violation of Criswell's rights, as the "'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Griner*, 532 F.3d at 576 (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). Therefore, I also grant the State of Ohio's motion to dismiss Criswell's claims against these Defendants.

But I conclude Criswell alleges sufficient specific conduct by Defendants Porter and Baab. Criswell summarizes his medical concerns and alleges Porter and Baab, "as the treating physicians at ToCI," are responsible for the lack of adequate medical treatment he has received for those issues. (Doc. No. 1 at 5-9). I will consider the merits of his claims against those Defendants below.

## B. DELIBERATE INDIFFERENCE

An Eighth Amendment deliberate indifference violation has two components: "a prisoner must plead (1) that 'the failure to protect from risk of harm [was] objectively sufficiently serious,' and (2) that 'the official acted with deliberate indifference to inmate health or safety.'" *Taylor v. Larson*, 505 F. App'x 475, 477 (6th Cir. 2012) (quoting *Mingus v. Butler,* 591 F.3d 474, 480 (6th Cir. 2010)).

Criswell offers sufficient allegations against Porter and Saab to meet his burden to show he faced a substantial risk of serious harm. While the State of Ohio argues Criswell's "claim . . . that during a pandemic, he contracted COVID-19 and ultimately pneumonia" does not satisfy the objective component, the United States Court of Appeals for the Sixth Circuit has explicitly and repeatedly held otherwise. *See, e.g., Dykes-Bey v. Washington*, No. 21-1260, 2021 WL 7540173, at *2 (6th Cir. Oct. 14, 2021) ("'[T]he objective prong is easily satisfied' in this context. 'The COVID-19 virus creates a substantial risk of serious harm leading to pneumonia, respiratory failure, or death.'") (quoting *Wilson v. Williams*, 961 F.3d 829, 840 (6th Cir. 2020)).

But Criswell has not plausibly alleged that Porter and Saab acted with deliberate indifference to the serious harm he faced. Courts considering deliberate indifference claims must "'distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment.'" *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011) (quoting *Westlake v. Lucas,* 537 F.2d 857, 860 n.5 (6th Cir. 1976)). A medical provider "is not liable under the Eighth Amendment if he or she provides reasonable treatment,

even if the outcome of the treatment is insufficient or even harmful." *Rhinehart v. Scutt*, 894 F.3d 721, 738 (6th Cir. 2018) (citing *Farmer*, 511 U.S. at 844). Plaintiffs in these circumstances face a "high bar" in establishing the second component of a deliberate indifference claim and must show the medical provider "'*consciously* expos[ed] the patient to an *excessive* risk of *serious* harm'" through the chosen course of treatment. *Rhinehart*, 894 F.3d at 738-39 (quoting *Richmond v. Huq*, 885 F.3d 928, 940 (6th Cir. 2018)) (emphases and alteration added by *Rhinehart*); *see also Alspaugh*, 643 F.3d at 169 ("Where a prisoner alleges only that the medical care he received was inadequate, 'federal courts are generally reluctant to second guess medical judgments.'") (quoting *Westlake*, 537 F.2d at 860 n.5).

Criswell acknowledges he received medical treatment, including approximately 30 medical visits, antibiotics to treat his pneumonia, blood work, an EKG, and urinalysis. (Doc. No. 1 at 6-8). Despite this treatment, Criswell alleges he still is suffering from very serious symptoms and has not received any diagnosis to explain those symptoms. (*Id.* at 8).

I am sympathetic to Criswell's concern for his health, his frustration with the ongoing decline in his physical and mental health since his initial Covid-19 infection, and his frustration with ToCI's refusal to refer him to an outside specialist. But decisions about whether "additional diagnostic techniques or forms of treatment" are appropriate "is a classic example of a matter for medical judgment" and at most constitute "medical malpractice." *Estelle v. Gamble*, 429 U.S. 97, 107 (1976).

Criswell's allegations regarding the insufficiency of his medical care sound in negligence rather than the criminal recklessness standard required by the Eighth Amendment. *See, e.g.,* *Rhinehart*, 894 F.3d at 738; *Williams v. Ohio Dep't of Rehab. & Corr.*, No. 2:20-cv-6424, 2023 WL 3437208, at *3 (S.D. Ohio May 12, 2023) (collecting cases). Therefore, I conclude he has not plausibly alleged Porter and Saab acted with deliberate indifference to his health and grant the State of Ohio's motion to dismiss Criswell's claims against these Defendants.

### C.  OHIO LAW

Finally, the State of Ohio moves to dismiss any claims asserted against the individual Defendants in their individual capacities which are based on Ohio law, arguing those individual Defendants are entitled to immunity as to those claims pursuant to Ohio Revised Code § 9.86. (Doc. No. 7 at 6).  But Criswell only asserts the Defendants violated his Eighth and Fourteenth Amendment rights, and he does not reference Ohio law either explicitly or implicitly.  Therefore, I deny the motion to dismiss on this basis.

### IV.  CONCLUSION

For the reasons stated above, the State of Ohio's motion to dismiss is granted as to Criswell's deliberate indifference claim.  (Doc. No. 7).  The motion is denied to the extent it seeks dismissal pursuant to Ohio Revised Code § 9.86, because the Complaint does not contain any allegations of state law violations.  Criswell's complaint is dismissed and this case is closed.

So Ordered.


                                        s/ Jeffrey J. Helmick
                                        United States District Judge